UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Scott Miller, # 267397, *aka* Clarence Miller, ) | |
| ) | |
| Plaintiff, ) | C/A No. 6:13-1670-TMC-KFM |
| ) | |
| vs. ) | |
| ) | **Report and Recommendation** |
| Ms. Fogle, *Sergeant*; ) | |
| Ms. Barber, *of Food Services*; ) | |
| Mr. John H. Carmichael, *Region Director*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## *Background of this Case*

Plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against a sergeant, a food service manager, and a Regional Director.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of the serving of "spoiled" or "sour" milk to Plaintiff on June 11, 2011. Plaintiff states that he requested that Defendant Fogle "smell" the spoiled milk, but Defendant Fogle refused to do so. Plaintiff alleges that Defendant Barber, the food services manager, did not inspect the food properly and, thereby, caused "hardship in [Plaintiff's] life." Plaintiff also alleges that Defendant Carmichael's response was "frivolous." Plaintiff contends that the serving of the spoiled milk to him constitutes deliberate indifference. Plaintiff's exhibits reveal that he filed a grievance about the spoiled

milk (BRCI-1040-11) on June 12, 2011. The grievance was denied at Step 1 and Step 2. Plaintiff also appealed to the South Carolina Administrative Law Court. In his prayer for relief, Plaintiff seeks $20,000 in compensatory damages from each defendant, $20,000 in punitive damages from each defendant, a jury trial, court costs, and additional relief that the Court deems just, proper, and equitable.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, this civil rights action arises out of the serving of allegedly spoiled milk to Plaintiff on June 11, 2013. It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985).

Even so, one-time or intermittent mishaps with respect to food are not a constitutional violation. *See, e.g., Blakely v. Wards*, C.A. No. 4:10-718-RMG-TER, 2011 WL 2559601, at *3–4 (D.S.C. May 10, 2011) (collecting cases and rejecting constitutional claim based on fact that prison food service workers did not wear hair nets), *adopted by Blakely v. Ozmint*, 2011 WL 2559536 (D.S.C. June 28, 2011); and *Jacobs v. Food Service Branch of South Carolina Dep't of Corr.*, C.A. No. 2:11-319-RBH-BHH, 2011 U.S. Dist. LEXIS 25767, [no Westlaw citation available] (D.S.C. Feb. 15, 2011) (recommending summary dismissal of civil rights action based on the one-time presence of plastic object in turkey sausage served to prisoner), *adopted by* 2011 U.S. Dist. LEXIS 26540 (Mar. 14, 2011).

At best, Plaintiff's allegations show merely negligence with respect to the serving of allegedly spoiled milk on June 11, 2013. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

### *Recommendation*

Accordingly, it is recommended that the district court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

July 10, 2013                                         s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).